UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:11-CIV-61740-COHN/SELTZER

ESTETIQUE INC. USA, a Florida corporation,

    Plaintiff,

V.

XPAMED LLC, a Florida corporation,
MARIO GUASTELLA, an individual,
and JOSE MONTILLA, an individual,

    Defendants.
_____/

**ORDER DENYING MOTION TO SET ASIDE THE COURT'S ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR CLARIFICATION**
**ORDER DENYING MOTION TO COMPEL PRODUCTION OF PROOF OF CUSTOMERS**
**ORDER DENYING MOTION TO INCREASE SECURITY BOND**

**THIS CAUSE** is before the Court upon Defendants' Motion to Set Aside the Court's Order Granting in Part Plaintiff's Motion for Clarification, to Compel Production of Proof of Customers, and to Increase Security Bond [DE 45] and Plaintiff's Memorandum in Opposition [DE 52].  The Court has carefully considered the motion and is otherwise fully advised in the premises.[1]

### I. BACKGROUND

On September 15, 2011, this Court entered a preliminary injunction in favor of Estetique Inc., USA ("Estetique" or "Plaintiff"), and against Defendants Xpamed, LLC, Mario Guastella ("Guastella"),and Jose Montilla ("Montilla") [DE 36].  The Court's Order enjoined Defendants from 1) using or disclosing any confidential client information

---

[1] Defendants' motion was included in an opposition to the Plaintiff's Motion for Clarification [DE 44].

obtained from the Plaintiff; 2) for a period until August 10, 2012, contacting any of Plaintiff's customers for the purpose of selling products or services as defined in the parties' Non-Competition Agreement; 3) for a period until August 10, 2012, soliciting or attempting to solicit or induce any of Plaintiff's employees to leave Plaintiff's employment; and 4) for a period until August 10, 2012, diverting, soliciting, or taking away any customer of Plaintiff for the purpose of selling products or services within the United States or any country within Central America, South America or the Caribbean.

Among other findings and conclusions, the Court found that Defendants' products compete with Plaintiff's products, and that this activity violates the plain language of the parties' Agreement. Preliminary Injunction Order at 8 (¶ 30 of Findings of Fact) and 17 (§ III.C.3 of Conclusions of Law). Plaintiff then moved for clarification as to whether the Defendants are enjoined "from competing with Estetique by engaging in a similar business and/or by selling similar products as Estetique." Motion at docket entry 40. Prior to receiving a response from Defendant, the Court reviewed the record and concluded that it intended to include such a ban on competition within the reasonable geographic area of the United States or any country within Central America, South America or the Caribbean. The Court expressly stated that it was entering this relief without hearing from Defendants, as the Court deemed the granting of this relief a correction of an oversight. Order Granting in Part Motion for Clarification at 2 [DE 41]. The Court did not grant the full relief requested by Plaintiff, as it allowed Defendants' website to remain active, as long as no sales are made into the restricted area of the United States or any country within Central America, South America or the Caribbean.

Defendants have now moved this Court to set aside its September 19, 2011 Order clarifying the injunction, require Plaintiff to reveal its customer list, and increase

Plaintiff's security bond given the restrictions on Defendants' business.

## II.  DISCUSSION

### A.  Injunction Language

Defendants contend that the Court's clarification adding that Defendants may not work or participate in any business that is similar to or competes with Plaintiff's business is overbroad and vague under Rule 65(d)(1) of the Federal Rules of Civil Procedure, in that Defendants are left to guess what activities are covered under the injunction.  The Court disagrees.  As Defendants point out, Plaintiff only sells five types of products.  This Court has already concluded that Defendants' products are similar enough to Plaintiff's products to be considered in breach of the parties' non-compete agreements.  See Order Granting in Part Motion for Preliminary Injunction, ¶ 30 and § II.C.3.[2]  The injunction language gives sufficient detail as to what act or acts are restrained.  See Fed. R. Civ. P. 65(d)(1)(C).  Other decisions within the Southern District of Florida have used similar language to proscribe competitive activities when granting a preliminary injunction for breach of a non-compete agreement.  Milner Voice and Data, Inc. v. Tassy, 377 F. Supp. 2d 1209, 1222 (S.D. Fla. 2005); Autonation, Inc. v. O'Brien, 347 F. Supp. 2d 1299, 1309-10 (S.D. Fla. 2004).

### B.  Production by Plaintiff of Customer Lists

Defendants seek this Court to compel Plaintiff to produce its customer list in order for Defendants to comply with the injunction.  The Court agrees with Plaintiff that

---

[2]  Defendants also contend that the Court did not specify what legitimate business interest supports the additional injunction language added by the September 19, 2011 Order.  The Court clarifies that it is the same legitimate business interests that supported the initial injunction that also support the clarification:  namely, valuable confidential business information and substantial relationships with specific prospective or existing customers.

its September 19, 2011 Order clarifying the injunction language obviates the need for Defendants to obtain Plaintiff's client list in order for Defendants to comply with the injunction. The injunction, which enforces the non-compete agreements, restricts Defendants from selling similar products to anyone in the restricted region through August 10, 2012. Thus, compliance with the non-compete provision necessarily involves compliance with the non-solicitation provision. If Defendants believe they have a right to have Plaintiff produce its client list through the discovery process, they should make an appropriate discovery request.

### C.  Security Bond Increase

Defendants seek the Court to increase the security bond to $240,000, based upon a net income figure of $20,000 per month. When the Court first granted a temporary restraining order in this action, it required Plaintiff to post a bond of only $25,000 [DE 8]. This amount was decided upon prior to a full hearing of the merits of the action and the extent of the Defendants' business operations.

Plaintiff opposes the request to increase security, contending that Defendants have failed to meet their burden to show a rational basis for the amount of the proposed bond, as the new request is based solely upon counsel's representations. See Continental Group, Inc. v. KW Property Mgmt., LLC, Case No. 09-60202, 2009 WL 3644475, *6 (S.D. Fla. Oct. 30, 2009) (cases cited therein). However, while the Defendants' request is excessive based upon the testimony received at the preliminary injunction hearing, Defendants are correct in arguing that the $25,000 figure is too low. Defendants Guastella and Montilla testified regarding the extent of their present business, and it is more likely than not that if the injunction was wrongly imposed, their net business profit between August of 2011 and August of 2012 will be greater than

$25,000. While documentation of exactly what those profits would be is not before the Court, this Court concludes that a more appropriate bond amount is $100,000.

### III.  CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Set Aside the Court's Order Granting in Part Plaintiff's Motion for Clarification is hereby **DENIED**;

2. Defendants' Motion to Compel Production of Proof of Customers is hereby **DENIED, without prejudice**, to being resolved during discovery;

3. Defendants' Motion to Increase Security Bond [DE 45] is hereby **GRANTED in part** and **DENIED in part**;

4. Plaintiff shall post additional security in the amount of $75,000 (for a total of $100,000) by December 5, 2011;

5. The preliminary injunction, as clarified, shall remain in effect during the period between now and the posting of the additional security.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 22ⁿᵈ day of November, 2011.

JAMES I. COHN
United States District Judge

Copies furnished to counsel of record on CM/ECF